UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TERRI COTTON                                    CIVIL ACTION

V.                                              NO. 18-4589

MARRIOT INTERNATIONAL                           SECTION "F"
INC.; HMC PROPERTIES II
LIMITED PARTNERSHIP f/k/a
MARRIOT HOTEL PROPERTIES II
LIMITED PARTNERSHIP, AND
ABC INSURANCE COMPANY

## ORDER AND REASONS

Before the Court is the plaintiff's motion for remand. For the following reasons, the motion is GRANTED.

**Background**

This litigation arises from an injury sustained by a woman during her stay at a hotel in New Orleans.

While visiting New Orleans from out of state, Terri Cotton slipped and fell at a hotel. On March 14, 2018, Cotton sued for her injuries, naming Marriott International, Inc. as the operator of the hotel and HMC Properties II Limited Partnership as the owner. She served Marriott International on April 3, 2018 and HMC Properties on April 4, 2018. On May 3, 2018, Marriot Hotel Services, Inc., the actual operator of the hotel, filed a notice of removal. On May 15, 2018, Cotton filed a motion to remand on the grounds that HMC Properties did not consent to removal.

1

I.

Although the plaintiff challenges removal in this case, the removing defendants carry the burden of showing the propriety of this Court's removal jurisdiction. See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied, 510 U.S. 868, 114 S. Ct. 192, 126 L.Ed.2d 150 (1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988). In addition, any ambiguities are construed against removal, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed in favor of remand. York v. Horizon Fed. Sav. and Loan Ass'n, 712 F. Supp. 85, 87 (E.D. La. 1989); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

A defendant may remove any civil action filed in state court if a federal court would have original jurisdiction over the action. 28 U.S.C. § 1441(a). To do so, the defendant must file a notice of removal within thirty days after it was served with the pleadings. 28 U.S.C. § 1446(b)(1). Additionally, "[a]ll defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The "rule of unanimity" requires that, absent exceptional circumstances, all served defendants must join or otherwise file a written notice of consent to removal before the expiration of the 30-day removal period in 28 U.S.C. § 1446. Getty Oil Corp. v. Insurance Co. of North America, 841 F.2d 1254, 1261-62 (5th Cir. 1988) (holding

that all served defendants are required to join in petition for removal no later than 30 days from the date on which the first defendant was served); Gillis v. Louisiana, 294 F.3d 755, 759 (5th Cir. 2002). "It is well settled in the Fifth Circuit that all defendants who have been served before removal must consent to removal within 30 days after service on the first defendant." Forman v. Equifax Credit Info. Services, Inc., 1997 WL 162008, at *1 (E.D. La. April 4, 1997) (Clement, J.) (citing Doe v. Kerwood, 969 F.2d 165, 167 (5th Cir. 1992) and Getty Oil Corp. v. Ins. Co. of North America, 841 F.2d 1254, 1263 (5th Cir. 1988)). But "[d]efendants (at least those not citizens of the forum state) who are unserved when the removal petition is filed need not join in it." Getty Oil Corp. v. Ins. Co. of North America, 841 F.2d at 1262 n.9 (5th Cir. 1988) (citing Pullman Co. v. Jenkins, 305 U.S. 534 (1939)).

Defendants may still remove the case even if one defendant did not timely consent to removal if "exceptional circumstances" exist. Getty Oil, 841 F.2d at 1263, n. 12; Brown v. Demco, Inc., 792 F.2d 478, 482 (5th Cir. 1986). Circumstances which prompt the Fifth Circuit to "exercis[e] its equitable powers to permit a party to consent to removal outside of the statutorily prescribed time frame often concern plaintiff conduct, and not untimely consent to removal by a defendant." Ortiz v. Young, 431 Fed. Appx. 306, 307-08 (5th Cir. 2011). "The few district courts that have found

exceptional circumstances generally confronted situations involving bad faith, forum manipulation, and lost filings." Alford v. Chevron U.S.A. Inc., No. 13-5457, 2014 WL 37600, *7 (E.D. La. Jan. 6, 2014)(unpublished). For example, the Fifth Circuit granted an exception when consent could only be authorized at a board meeting, and the plaintiff, one of the members of the board, prevented the board from scheduling a timely vote. Gillis v. Louisiana, 294 F.3d 755, 758-59 (5th Cir. 2002).

II.

The defendants contend that confusion among both parties as to who the owner and operator were contributed to HMC's failure to timely consent to removal. In the plaintiff's complaint, she named HMC Properties II Limited Partnership as the owner of the hotel. The actual owner is HMC *Hotel* Properties II Limited Partnership. (Emphasis added). Although the plaintiff also named the incorrect party, Marriot International, Inc., as the operator, the actual owner, Marriot Hotel Services, Inc., does not allege that they did not receive notice of the lawsuit within sufficient time. However, when Marriot Hotel Services received the pleadings, it believed that that CCMH Properties II, LLC, a distinct, existing legal entity, was the correct owner of the hotel. Marriot has a contractual duty to assume the defense of the hotel's owner, so it is especially concerned with identifying that entity. The

4

plaintiff's counsel also believed that CCMH may be the proper owner, and the parties discussed that the plaintiff may serve CCMH or substitute it for HMC. Marriot later learned that the owner was not CCMH Properties, but HMC Hotel Properties. HMC filed a consent of removal on May 18, 2018, but its consent was due on May 4, 2018.

Marriot and HMC contend that this confusion releases HMC from its obligation to consent to removal by May 4, 2018, 30 days after it was served. First, they contend that HMC was not served because the plaintiff served HMC Properties II Limited Partnership. They contend that the omission of the word "Hotel" in the name renders service incomplete because HMC Properties is not the owner of the hotel or an existing legal entity in Louisiana. The Court disagrees.

Insignificant misnomers will not render service ineffective when the defendant received notice of the lawsuit. In re Chinese-Manufactured Drywall Prods. Liab. Litig., No. 09-02047, 2017 WL 1476595, *45 (E.D. La. Apr. 21, 2017); Morrel v. Nationwide Mut. Fire Ins. Co., 188 F.3d 217, 224 (4th Cir. 1999)("[S]ervice of process is not legally defective simply because the complaint misnames the defendant in some insignificant way."). There is no allegation that HMC did not receive notice of the plaintiff's lawsuit. See Henderson v. United States, 517 U.S. 654, 672 (1996)("[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords

the defendant a fair opportunity to answer the complaint and present defenses and objections."). In fact, the plaintiff delivered service to the correct registered agent of HMC Hotel Properties, Corporation Service Company. The plaintiff's service was adequate.

Second, the defendants contend that the confusion between the parties warrants application of the exceptional circumstances exception. The defendants point to other Circuits, which have allowed parties to cure the defect by filing a consent to removal after the statutory period has expired. The defendants assert that enforcing the 30-day requirement places form over substance because both defendants now want the action to remain in federal court. But it is irrelevant to the Court that HMC now consents to removal. The Fifth Circuit has made clear that the defendants have thirty days to consent. The Court need not consider whether other Circuits have adopted a different approach when there is applicable binding precedent. Marriot's inability to ascertain which entity owns the hotel it operates does not excuse it from complying with the statutory requirements. The parties' mistake and confusion are not sufficiently exceptional to warrant the Court's application of its equitable authority.

Accordingly, IT IS ORDERED: that the plaintiff's motion for remand is GRANTED.

New Orleans, Louisiana, June 13, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE